1  David S. Reidy (SBN 225904)
   Email: dreidy@reedsmith.com
2  Jeffrey D. Chen (SBN 267837)
   Email: jdchen@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA 94105-3659
   Telephone: +1 415 543 8700
5  Facsimile: +1 415 391 8269

6  Attorneys for Defendants
   Bank of America, N.A. (erroneously sued
7  as Bank of America N.A. dba BAC
   Home Loans Servicing, LP) and
8  ReconTrust Company, N.A.

9              UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA

11  MICHAEL MONTEJANO,                    Case No. 2:11-CV-00146-MCE-GGH

12              Plaintiff,                **DEFENDANTS BANK OF
                                          AMERICA, N.A. AND
13       vs.                              RECONTRUST COMPANY, N.A.'S
                                          NOTICE OF MOTION AND
14  BANK OF AMERICA N.A. dba BAC          MOTION TO DISMISS
    HOME LOANS SERVICING, LP and          PLAINTIFF'S COMPLAINT
15  RECONTRUST COMPANY, N.A. and          PURSUANT TO FEDERAL RULES
    LEGACY REAL ESTATE and                OF CIVIL PROCEDURE 12(B)(6)**
16  TIMOTHY GEITHNER, SECRETARY
    OF THE TREASURY, UNITED STATES        *[Request for Judicial Notice and
17  And ERIC HOLDER, U.S. ATTORNEY        Proposed Order filed concurrently]*
    GENERAL, as ALIEN PROPERTY
18  CUSTODIAN,                            Date:        March 24, 2011
                                          Time:        10:00 a.m.
19              Defendants.               Courtroom:   9

20                                        Compl. Filed: Jan. 14, 2011

21                                        Magistrate Judge Gregory G. Hollows

22

23

24

25

26

27

28

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS
COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 24, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, defendants Bank of America, N.A. (erroneously sued as Bank of America N.A. dba BAC Home Loans Servicing, LP) and ReconTrust Company, N.A. (collectively, "Defendants") will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the claims in the Complaint of plaintiff Michael Montejano (hereinafter, "Plaintiff"). Defendants bring this Motion on the grounds that Plaintiff fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the court records and files, all matters of which this Court may properly take judicial notice, including the matters set forth on the accompanying Request for Judicial Notice, and upon such other matters that the Court may consider at the hearing on the Motion.

DATED:  February 17, 2011          REED SMITH LLP


                                   By_____
                                   Jeffrey D. Chen
                                   Attorneys for Defendants
                                   Bank of America, N.A. (erroneously sued as
                                   Bank of America N.A. dba BAC Home
                                   Loans Servicing, LP) and ReconTrust
                                   Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

**I.**  INTRODUCTION                                                                      1

**II.**  RELEVANT BACKGROUND FACTS                                          2

**III.**  LEGAL STANDARD                                                                 3

    **A.**  Rule 12(b)(6) Standard.                                                        3

    **B.**  Rule 9(b) Standard.                                                               5

**IV.**  LEGAL ARGUMENT                                                              5

    **A.**  Throughout The Complaint, Plaintiff Fails To Distinguish Between Defendants.                                                                     5

    **B.**  Plaintiff Fails To Identify Any Grounds For Naming BANA And ReconTrust As Defendants.                                              6

    **C.**  The Majority Of Plaintiff's Claims Are Not Valid Legal Theories.                                                                                    7

    **D.**  Plaintiff Fails To Allege Any Facts In Support Of A Challenge To The Foreclosure Process.                                              7

        **1.**  Plaintiff Fails To Allege Tender Of Amounts Due Under The Loans In Default.                                                      7

        **2.**  The Complaint Shows Defendants BANA And ReconTrust Are Entitled To Conduct A Non-Judicial Foreclosure.                                                                               9

    **E.**  Plaintiff Alleges No Facts To Support A Claim For Usury.            11

    **F.**  Plaintiff's Contract Claims Fail Because They Are Insufficiently Pled.                                                              12

    **G.**  Plaintiff's Fraud Claim Is Time-Barred And Insufficiently Pled.                                                                                        14

        **1.**  Plaintiff's Fraud Claim Is Time-Barred.                            14

        **2.**  Plaintiff Pleads Fraud With Insufficient Particularity.       15

        **3.**  The Alleged Misrepresentations And Omissions Are Not Actionable.                                                                     16

        **4.**  Plaintiff's Fraud Claim Also Fails Because He Alleges No Facts Showing Justifiable Reliance.                             16

        **5.**  Plaintiff Fails To Allege He Has Suffered Any Out-Of-Pocket Losses.                                                              17

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS COMPLAINT

**H.**     Plaintiff's Conclusory Allegations Are Insufficient To State A RICO Claim.                                                                       18

    **1.**     Plaintiff Does Not Allege A Pattern Of Racketeering Activity.                                                                           19

    **2.**     Plaintiff Fails To Allege A RICO Enterprise.                         20

    **3.**     Plaintiff Fails To Allege That He Suffered Any Injury.              20

**I.**     In The Alternative, Defendants Request That The Court Order A More Definite Statement.                                                          21

**V.**   CONCLUSION                                                                 21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

## CASES

*Abdallah v. United Sav. Bank,*
   43 Cal. App. 4th 1101 (1996) ................................................................8

*Alicea v. GE Money Bank,*
   No. 09-00091, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ...........................8

*Arnolds Mgmt. Corp. v. Eischen,*
   158 Cal. App. 3d 575 (1984) .................................................................8

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) .......................................................................4

*Auerbach v. Great Western Bank,*
   74 Cal. App. 4th 1172 (1999) ..............................................................18

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990) ................................................................3

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................4, 6

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,*
   162 Cal. App. 4th 858 (2008) ..............................................................15

*Bouyer v. GMAC Mortgage,*
   No. 08-3022, 2009 WL 2877603 (E.D. Cal. Sept. 3, 2009) .............................4

*Brazil v. United States Dept. of Navy,*
   66 F.3d 193 (9th Cir. 1995) .................................................................4

*Building Permit Consultants, Inc. v. Mazur,*
   122 Cal. App. 4th 1400 (2004) ............................................................17

*Candelo v. NDex West, LLC,*
   2008 WL 5382259 (E.D. Cal. Dec. 23, 2008) ...........................................10

*Danielsen v. Burnside-Off Aviation Training Center, Inc.,*
   941 F.2d 1220 (D.C. Cir. 1991) ...........................................................21

*Dean Witter Reynolds, Inc. v. Superior Court,*
   211 Cal. App. 3d 758 (1989) ................................................................7

*Derakhshan v. Mortgage Electronic Registration Systems, Inc.,*
   No. SACV08-1185, 2009 U.S. Dist. LEXIS, (C.D. Cal. June 29, 2009) ...........10

*Engalla v. Permanente Medical Group, Inc.,*
   15 Cal. 4th 951 (1997) .....................................................................17

*Fladeboe v. American Isuzu Motors, Inc.,*
   150 Cal. App. 4th 42 (2007) ...............................................................17

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS
COMPLAINT

*Gen-Probe, Inc. v. Amoco Corp.,*
 926 F. Supp. 948 (S.D. Cal. 1996) ....................................................5

*Goldrich v. Natural Y Surgical Specialties,*
 25 Cal. App. 4th 772 (1994) ...........................................................15

*Hall v. Time Inc.,*
 158 Cal. App. 4th 847 (2008) .........................................................17

*Homestead Savings v. Darmiento,*
 230 Cal. App. 3d, 424 (1991) ............................................................9

*In re Sagent Tech., Inc.,*
 278 F. Supp. 2d 1079 (N.D. Cal. 2003) .............................................5

*Izenberg v. ETS Services,*
 589 F. Supp. 2d 1193 (C.D. Cal. 2008) ...........................................20

*Karlsen v. American Sav. & Loan Assn.,*
 15 Cal. App. 3d 112 (1971) ...............................................................8

*Kearns v. Ford Motor Co.,*
 567 F.3d 1120 (9th Cir. 2009) ..........................................................5

*Kim v. Sumitomo Bank,*
 17 Cal. App. 4th 974 (1993) ...........................................................16

*Knox v. Modern Garage & Repair Shop,*
 68 Cal. App. 583 (1924) .................................................................16

*Lancaster Community Hospital v. Antelope Valley Hospital Dist.,*
 940 F.2d 397 (9th Cir. 1991) ..........................................................19

*Lazar v. Super. Ct.,*
 12 Cal. 4th 631 (1996) ...................................................................15

*Lee v. Escrow Consultants, Inc.,*
 210 Cal. App. 3d 915 (1989) .....................................................14, 15

*Lomboy v. SCME,*
 No. 09-1160, 2009 WL 1457738 (N.D.Cal. 2009) ...........................10

*MGIC Indem. Corp. v. Weisman,*
 803 F.2d 500 (9th Cir. 1986) .............................................................2

*Mack v. S. Bay Beer Distribs.,*
 798 F.2d 1279 (9th Cir. 1986) ...........................................................2

*Mirkin v. Wasserman,*
 5 Cal. 4th 1082 (1993) ...................................................................17

*Moeller v. Lien,*
 25 Cal. App. 4th 822 (1994) ..............................................................9

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS
COMPLAINT

*Neal v. Juarez ,*
  2007 WL 2140640 (S.D. Cal. July 23, 2007)....................................................11

*Nichols v. Greenpoint Mortgage Funding, Inc.,*
  No. SACV08-750, 2008 WL 3891126 (C.D. Cal. Aug. 19, 2008) ...................13

*Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.,*
  981 F.2d 429 (9th Cir. 1992) ..........................................................................20

*Ortiz v. Accredited Home Lenders, Inc.,*
  639 F. Supp. 2d 1159 (S.D. Cal. 2009) ..............................................................2

*Otworth v. S. Pac. Transp. Co.,*
  166 Cal. App. 3d 452 (1985) ...........................................................................13

*Pagtalunan v. Reunion Mortg., Inc.,*
  No. C-09-00162 EDL, 2009 WL 961995 (N.D. Cal. April 8, 2009) ..........11, 12

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F. Supp. 2d 1177 (N.D. Cal. Jul 09, 2009)................................................10

*Parker & Parsely Petroleum Co. v. Dresser Industries,*
  972 F.2d 580 (5th Cir. 1992) ..........................................................................21

*Pineda v. Saxon Mortgage Services,*
  No. 08-1187, 2008 U.S. Dist. LEXIS 102439 (C.D. Cal. Dec. 10, 2008) ........18

*Putkkuri v. ReconTrust Co.,*
  2009 WL 32567 (S.D. Cal. Jan. 5, 2009) ........................................................10

*Resolution Trust Corp. v. Keating,*
  186 F.3d 1110 (9th Cir. 1999) .........................................................................20

*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,*
  57 Cal. App. 3d 104 (1976) .............................................................................17

*Rosales v. Downey Savings & Loan Ass'n, F.A.,*
  No. 09-cv39, 2009 U.S. Dist. LEXIS 15923 (S.D. Cal March 2, 2009).....18, 20

*San Diego Home Solutions, Inc. v. ReconTrust Co.,*
  2008 WL 5209972 (S.D. Cal. Dec. 10, 2008) ..................................................11

*Santos v. U.S. Bank N.A.,*
  No. CIV-F-09-0916 AWI DLB, -- F. Supp. 2d --, 2010 WL 2218803, (E.D. Cal. June 1, 2010) ..........................................................................................11

*Sinaltrainal v. Coca-Cola Co.,*
  579 F.3d 1252 (11th Cir. 2009) .........................................................................4

*Stephenson v. Argonaut Ins. Co.,*
  125 Cal. App. 4th 962 (2004)..........................................................................17

*Swierkiewicz v. Sorema, N.A.,*
  534 U.S. 506, 122 S. Ct. 992 (2002) ..................................................................5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— v —

*Tademy v. GreenPoint Mortg. Funding, Inc.*,
  No. 09-1391, 2010 WL 726736 (E.D. Cal. March 2, 2010) ...............................4

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ...............................................................................15

*Tina v. Countrywide* ,
  2008 WL 4790906 (S.D. Cal. Oct. 30, 2008) ..................................................11

*Ung v. Koehler*,
  135 Cal. App. 4th 186 (2005) ..............................................................................9

*United States Cold Storage of California v. Great W. Savings & Loan Ass'n*,
  165 Cal. App. 3d 1214 (1985) .............................................................................8

*United States v. Turkette*,
  452 U.S. 576 (1981) ..........................................................................................20

*Vargas v. Recontrust Co.*,
  No. 08-1683, 2008 U.S. Dist. LEXIS 100115 (E.D. Cal. Dec. 1, 2008) ..........20

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................................5

*Wall St. Network, Ltd. v. New Tork Times Co.*,
  164 Cal. App. 4th 1171 (2008) ..........................................................................13

*Watkinson v. MortgageIT, Inc.*,
  No. 10-CV-327-IEG (BLM) 2010 WL 2196083 (S.D. Cal. June 1, 2010) ......11

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) ...........................................................................15

*Winn v. McCulloch Corp.*,
  60 Cal. App. 3d 663 (1976) ...............................................................................14

## STATUTES

12 U.S.C. 3803 ......................................................................................................12

18 U.S.C. 1961 ......................................................................................................12

18 U.S.C. 1962 ......................................................................................................12

18 U.S.C. 1962(a) .................................................................................................20

18 U.S.C. 1964 ......................................................................................................12

Cal. Civ. Code § 1670.5 .........................................................................................7

Cal. Civ. Code § 1709 ..........................................................................................17

Cal. Civ. Code § 1916.7 ..................................................................................11, 12

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

Cal. Civ. Code § 1918.5-1921 ...............................................................11

Cal. Civ. Code § 2924 .........................................................................11

Cal. Civ. Code § 2924-2924i ..................................................................9

Cal. Civ. Code § 2924 (a)(1)...............................................................9, 10

Cal. Civ. Code § 2924b(b)(4) .................................................................9

Cal. Civ. Code § 3333 ........................................................................18

Cal. Civ. Proc. Code § 338 ..................................................................14

Cal. Civ. Proc. Code § 338(d)...............................................................14

Cal. Corp. Code § 191(c)(7) ................................................................10

## RULES

Fed. R. Civ. P. 8...........................................................................1, 4

Fed. R. Civ. P. 8(a) ...........................................................................5

Fed. R. Civ. P. 8(a)(2)......................................................................5, 5

Fed. R. Civ. P. 9(b) .........................................................1, 2, 5, 18, 19

Fed R. Civ. P. 10(b) .........................................................................21

Fed. R. Civ. P. 12(b)(6) ..................................................................2, 3, 4

Fed. R. Civ. P. 12(e)......................................................................21, 22

Fed. R. Evid. 201 .............................................................................2

## OTHER AUTHORITIES

5 Witkin California Procedure, Pleading, § 731 (5th Edition 2008) ........................18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A.'S MOTION TO DISMISS COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Michael Montejano ("Plaintiff") has filed the instant Complaint in an attempt to avoid foreclosure of his property.  But Plaintiff's Complaint states no valid causes of action that could form the basis of a challenge to the foreclosure process. Indeed, his allegations challenging the underlying mortgage loan are time-barred and supported only by conclusory allegations that do not satisfy even minimal pleading requirements.

Plaintiff's Complaint fails as a matter of law because Plaintiff has failed to assert a single allegation of wrongful conduct against Bank of America, N.A. ("BANA") or ReconTrust Company, N.A. ("ReconTrust") out of the thirteen causes of action he asserts against "Mortgage Defendants."  Plaintiff's allegations also fail as a matter of law because they fail to meet the pleading requirements of Rules 8 and 9(b).  Specifically, Plaintiff fails to state a valid claim against Defendants BANA and ReconTrust for all of the following reasons:

- Plaintiff's entire Complaint is too vague and incoherent to allow Defendants to properly respond to the allegations;
- Plaintiff's claims to "Set Aside Foreclosure," and for "Failure of Consideration," "Indefiniteness of Contract," "Unconscionability," "Cancellation," "Following Trust Property into its Product Against Trustee," "Ultra Vires," "Criminal Wrongdoing" and "Cause of Action Involving Federal Officials" are not cognizable legal theories;
- Plaintiff's usury claim is preempted and Plaintiff fails to allege facts sufficient to state such a claim in any event;
- Plaintiff fails to allege facts that give rise to a claim for breach of contract, including *how* Defendants breached a contract and *what* damages Plaintiff suffered;

- Plaintiff's fraud claim is time-barred and is not pled with the requisite particularity under Rule 9(b); and
- Plaintiff fails to allege facts that give rise to a Civil RICO claim, including what acts Defendants engaged in that constitute a pattern of racketeering activity, how Defendants are an enterprise, or what harm was caused to Plaintiff.

Plaintiff's Complaint fails to state a claim as to Defendants, and indeed there is no showing or reasonable likelihood that the glaring defects can be cured by amendment.  Accordingly, Defendants request that this Court grant their Motion to Dismiss without leave to amend.

## II.    RELEVANT BACKGROUND FACTS

On October 27, 2007, Plaintiff obtained a $174,400 loan from BANA.  Compl. ¶ 10; Defendants' Request for Judicial Notice, Exh. A (the Note). [1]  The note was secured by a Deed of Trust to the real property located at 6020 Sampson Blvd, Sacramento, CA 95824 (hereinafter "the Property").  Compl. ¶ 9; RJN, Exh. B, pg. 1 (Deed of Trust).  The Deed of Trust identifies BANA as the lender and beneficiary and PRLAP, Inc. as the trustee.  *See* RJN, Exh. B, pg. 1-2 (Deed of Trust).

Plaintiff admits that "sometime in 2009, [he] fell behind on payments" under the loan.  Compl. ¶ 10.  On July 30, 2010, ReconTrust – acting as an agent for the beneficiary under the Deed of Trust – issued a Notice of Default, which was recorded in Sacramento County on August 3, 2010.  *See* RJN, Exh. C (Notice of Default).  On May 1, 2010, Plaintiff received a Notice of Trustee's Sale from ReconTrust.  Compl. ¶

---

[1] Defendants BANA and ReconTrust request that the Court take judicial notice of the mortgage, attached as Exhibit "A" to the concurrently filed Request for Judicial Notice, pursuant to Federal Rules of Evidence ("FRE") Rule 201.  Because mortgages are public records, judicial notice may be taken and mortgages may considered on a motion to dismiss.  *See, e.g., MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take the judicial notice of matters of public record outside the pleadings."); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1163 (S.D. Cal. 2009) ("A court may consider matters of public record on a motion to dismiss, and doing so 'does not convert a Rule 12(b)(6) motion to one for summary judgment.'") (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   10.  The Property was sold at a trustee sale on January 3, 2011.  *See* RJN, Exh. D

2   (Trustee's Deed Upon Sale).

3         On January 14, 2011, **over three years** after the loan's origination, Plaintiff filed

4   his Complaint in this action.  Plaintiff alleges that the BANA loan is void and

5   therefore that defendants lacked standing to foreclose.  But the "allegations" in

6   support of this theory are conclusory and mostly incoherent.  For example, Plaintiff

7   alleges that Defendants misrepresented loan terms, though no specific terms are

8   identified.  *See* Compl. ¶ 13.  Plaintiff also claims that Defendants used

9   "nonredeemable Federal Reserve Notes" to fund the loan, which Plaintiff alleges

10  "have no intrinsic value, and as such, are negotiable instruments under the negotiable

11  instruments law and when used to, in the common vernacular, 'pay' a debt it is like

12  paying a $2 debt owed with a $2 I.O.U.  The net result is that one ends up with $4

13  dollars of debt and therefore, as you can see in this example, the debt is not paid but

14  merely discharged as a matter of law."  Compl. ¶ 16.  The Complaint therefore

15  concludes that Plaintiff was paid "credit" instead of "money" [Compl. ¶ 17.], and

16  therefore that BANA loaned Plaintiff "Negotiable Instruments" instead of "Legal

17  Tender."  *See* Compl. ¶ 41.

18        Plaintiff's Complaint purports to assert thirteen causes of action against all

19  "Mortgage Defendants" based on these allegations.  As set forth below, however, the

20  Complaint does not allege sufficient **facts** to sustain even one of these claims against

21  BANA or ReconTrust.

22  **III.   LEGAL STANDARD**

23        **A.     Rule 12(b)(6) Standard.**

24        Under FRCP Rule 12(b)(6), dismissal is appropriate where the complaint fails

25  to state a claim upon which relief can be granted.  A Rule 12(b)(6) dismissal is proper

26  where there is either a "lack of cognizable legal theory or the absence of sufficient

27  facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

28  F.2d 696, 699 (9th Cir. 1990).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    When considering a Rule 12(b)(6) motion, the Court must accept as true all of

2    the factual allegations in the complaint; however, legal conclusions are not entitled to

3    an assumption of truth.  *Id*. at 1949-50.  The legal standard to be applied when

4    evaluating a motion to dismiss is one of plausibility – "a complaint must state a claim

5    that is plausible on its face" and incorporate "sufficient factual matter" in support of

6    the claim.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atlantic*

7    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Satisfying this standard "requires more

8    than labels and conclusions, and a formulaic recitation of the elements of a cause of

9    action will not do."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1954

10   ("Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of

11   action, affix the label 'general allegation,' and expect his complaint to survive a

12   motion to dismiss.").  Rather, for a claim to be facially plausible, a plaintiff must

13   plead "factual content [that] allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

15   The plausibility standard "demands more than an unadorned, the-defendant-

16   unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted

17   unlawfully."  *Id*.  Stated differently, "[t]he mere possibility the defendant acted

18   unlawfully is insufficient to survive a motion to dismiss.  The well-pled allegations

19   must nudge the claim 'across the line from conceivable to plausible.'"  *Sinaltrainal v.*

20   *Coca-Cola Co.*, 579 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at

21   570).  Moreover, even *pro se* pleadings "must meet some minimum threshold in

22   providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v.*

23   *United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Where a complaint

24   fails to meet basic pleading requirements under even the most liberal pleading

25   standards, a plaintiff's *pro se* status cannot form the basis for denying a motion to

26   dismiss. *See, e.g., Tademy v. GreenPoint Mortg. Funding, Inc.*, No. 09-1391, 2010

27   WL 726736 (E.D. Cal. March 2, 2010); *Bouyer v. GMAC Mortgage, No*. 08-3022,

28   2009 WL 2877603 (E.D. Cal. Sept. 3, 2009).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

## B.    Rule 9(b) Standard.

Under FRCP Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong . . . . Averments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged . . . . A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations and quotation marks omitted) (emphasis added).

In situations where fraud allegations do not satisfy the Rule 9(b) requirements, "a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

## IV.    LEGAL ARGUMENT

### A.    Throughout The Complaint, Plaintiff Fails To Distinguish Between Defendants.

As a preliminary matter, Plaintiff's claims are insufficiently pleaded. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although courts should liberally construe this pleading standard, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002). Broad allegations that lump together multiple defendants and fail to identify which defendants are responsible for which specific wrongful conduct necessarily fail to comply with Rule 8(a). Fed. R. Civ. P. 8(a)(2); *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003); *see also Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-62 (S.D. Cal. 1996) (stating complaint must identify

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

parties who committed alleged conduct, so as to advise defendants of the claims they must defend).

### B.   Plaintiff Fails To Identify Any Grounds For Naming BANA And ReconTrust As Defendants.

Plaintiff's Complaint suffers from a severe defect: no factual allegations of misconduct are made against Defendants BANA or ReconTrust.  As detailed above, Plaintiff merely alleges BANA was his originating lender, but makes no allegation regarding BANA's conduct, and likewise makes only two allegations with respect to ReconTrust, asserting that ReconTrust issued a Notice of Trustee's sale and that ReconTrust failed to respond to an unspecified letter purportedly sent by Plaintiff. Compl. ¶¶ 9, 10.  Thus, the Complaint is insufficient to sustain any cause of action against the Defendants.  Indeed, the facts that BANA was the lender, that ReconTrust issued a Notice of Trustee's sale, or that neither responded to an unspecified letter, fall far short of stating any claim or shedding any light on Plaintiffs' decision to name Defendants BANA or ReconTrust in the lawsuit.

The remaining unintelligible allegations are brought against "Mortgage Defendants," an amorphous category that apparently includes BANA and ReconTrust, as well as Legacy Real Estate and Coldwell Banker American Properties.  *See e.g.* Compl. ¶ 35 ("Mortgage Defendants did fail to lend any valuable consideration."); Compl. ¶ 44 ("Mortgage Defendants did not loan any Legal Tender 'Dollars' to this Plaintiff, as the term 'Dollars' has commonly come to be known and used."); Compl. ¶ 56 ("Mortgage Defendants misrepresentations were material because the facts are that under the current monetary system of the USA, the lender loans no money to the borrower as alleged in the loan application or loan documents").

Because of the broad nature of the term "Mortgage Defendants," and the paucity of facts related to BANA or ReconTrust, it is impossible to determine *which* Defendants engaged in *what* conduct.  For these reasons alone, the Court should grant Defendants' Motion to Dismiss.  *Twombly*, 550 U.S. at 570.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**C.     The Majority Of Plaintiff's Claims Are Not Valid Legal Theories.**

Almost all of Plaintiff's purported causes of action are not valid legal theories upon which relief may be granted.  Plaintiff's claims "to Set Aside Foreclosure," "Failure of Consideration," "Indefiniteness of Contract," "Unconscionability," "Cancellation," "Following Trust Property into its Product Against Trustee," "Ultra Vires," "Criminal Wrongdoing," and "Cause of Action Involving Federal Officials" are not cognizable legal theories.

For example, Unconscionability is a defense to a contract claim – not an affirmative cause of action. *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 794 (1989) ("regardless of the identity or status of the plaintiff making the claim of unconscionability, the language o[f] Civil Code section 1670.5 does not support the bringing of an affirmative cause of action thereunder…").  Given the unintelligible nature of Plaintiff's allegations, Defendants BANA and ReconTrust are only able to speculate as to what recognized causes of action Plaintiff's purported claims may fall under.

**D.     Plaintiff Fails To Allege Any Facts In Support Of A Challenge To The Foreclosure Process.**

To the extent that Plaintiff's claim to "Set Aside Foreclosure" alleges BANA and ReconTrust wrongfully foreclosed on the Property, Plaintiff fails to state facts sufficient to support a wrongful foreclosure claim.  Plaintiff alleges that "Mortgage Defendants have no authority" to foreclose  *See* Compl. ¶¶ 25-26.  Plaintiff also alleges that "Mortgage Defendants are not nor ever were the 'Holder in Due Course' of any financial instrument that requires Petitioner to pay or perform upon which Mortgage Defendants could exercise any claim."  Compl. ¶ 29.  For the reasons below, any wrongful foreclosure claim fails.

**1.     Plaintiff Fails To Allege Tender Of Amounts Due Under The Loans In Default.**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

A debtor cannot challenge the foreclosure proceedings without first credibly alleging tender: "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a *credible* tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, No. 09-00091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (citing California law) (emphasis added); *see also United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale."); *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112 (1971). The tender requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming the sustaining of demurrer without leave to amend for lack of tender of amounts due and owing under the loan).

The rationale behind the rule is sound. "It would be futile to set aside a foreclosure sale on [technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, *whose default to begin with resulted in the foreclosure*, give proof before the sale is set aside that he now can redeem the property." *United States Cold Storage*, 165 Cal. App. 3d at 1225 (emphasis added). "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984).

Here, Plaintiff fails to allege that he is willing and able to tender the amounts due under the loan at issue. *See* Compl. ¶¶ 23-33. Indeed, he concedes he fell behind his payments "somtime in 2009." *See* Compl. ¶ 10. Thus, even if Plaintiff intended to bring a wrongful foreclosure claim, it fails.

2.   **The Complaint Shows Defendants BANA And ReconTrust Are Entitled To Conduct A Non-Judicial Foreclosure.**

While Plaintiff asserts that "Mortgage Defendants have no authority [by statute or corporate charter] to foreclose on any real property in the State of California," [Compl ¶¶ 25-26] this allegation fails for lack of factual support and also because it is flatly contradicted by publicly recorded loan documents.

Civil Code sections 2924-2924i provide the exclusive framework governing non-judicial foreclosure in California.  *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.") (citing *Homestead Savings v. Darmiento*, 230 Cal. App. 3d, 424, 432-33 (1991)).  Under these statutes, if a deed of trust contains an express provision granting a power of sale, a "***trustee, mortgagee, or beneficiary or any of their authorized agents***" may institute the foreclosure process. Cal. Civ. Code § 2924 (a)(1) (emph. added); *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005). California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, *any person designated in an executed substitution of trustee*, or an agent of that substituted trustee."  Cal. Civ. Code § 2924b(b)(4) (emphasis added).

Here, the Deed of Trust expressly conveys a power of sale.  *See* RJN, Exh. B, pg. 3 (Deed of Trust).  Plaintiff admits that BANA is the lender, and the Notice of Default shows that ReconTrust was authorized to commence foreclosure as an agent of the beneficiary.  *See* Compl. ¶ 10; *see also* RJN, Exhs. A (Deed of Trust), C (Notice of Default).  As such, the Deed of Trust demonstrates that Defendants were fully authorized to foreclose on the Property pursuant to California's non-judicial foreclosure laws.  Civ. Code § 2924 (a)(1).

Plaintiff's allegations that "Mortgage Defendants are not registered to do business in the State of California, have no registered agent for service in California,

DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   are not recognized by the State of California . . . and therefore have no standing to

2   make business offers or contracts in California" also are unsupported by facts.  The

3   Complaint offers no allegations in this regard related to BANA or ReconTrust.

4   Moreover, entities are not required to obtain a certificate of qualification from the

5   Secretary of State in order to "[create] evidence of debt or mortgages."  *See* Cal. Corp.

6   Code § 191(c)(7).  Based on this rule, numerous decisions in California have

7   dismissed similar allegations against beneficiaries or holders of mortgage loans.  *See,*

8   *e.g., Lomboy v. SCME*, No. 09-1160, 2009 WL 1457738 *3 (N.D.Cal. 2009) (holding

9   that MERS is the proper party to bring non-judicial foreclosure and is exempt from

10  state licensing requirements); *Pantoja v. Countrywide Home Loans, Inc*., 640 F. Supp.

11  2d 1177, 1189 (N.D. Cal. Jul 09, 2009) (holding that possession of original

12  promissory note is unnecessary in non-judicial foreclosures, that MERS has the

13  authority to initiate non-judicial foreclosures, and that lack of ownership in the

14  promissory note was no barrier to foreclosure);  *Derakhshan v. Mortgage Electronic*

15  *Registration Systems, Inc*., No. SACV08-1185, 2009 U.S. Dist. LEXIS, at *19-20

16  (C.D. Cal. June 29, 2009) (holding that as beneficiary, MERS is a proper party to

17  initiate non-judicial foreclosures, and finding that MERS is exempt from registering

18  as a foreign corporation in California).  This Court should likewise disregard these

19  baseless allegations against BANA and ReconTrust.

20       Plaintiff also argues that "Mortgage Defendants are not . . . 'Holders in Due

21  Course' of any financial instrument that requires [him] to pay or perform upon which

22  Mortgage Defendants could exercise any claim."  Compl. ¶ 29.  But under California

23  law, possession of the original note is not a prerequisite to foreclosure. *See Putkkuri v.*

24  *ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section

25  2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to

26  initiate the foreclosure process. . . . Production of the original note is not required to

27  proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, 2008 WL

28  5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory

framework to produce the original note to initiate non judicial foreclosure."); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008) ("California law does not require that the original note be in the possession of the party initiating non judicial foreclosure."); Tina v. Countrywide , 2008 WL 4790906, at *8 (S.D. Cal. Oct. 30, 2008) ("Cal. Civ. Code § 2924 outlines the requirements for nonjudicial foreclosures in California, and does not include providing the original note prior to the sale."); *Neal v. Juarez* , 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007) (an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid").  Simply put, a party does not need to produce the original note to conduct a nonjudicial foreclosure in California.

### E.     Plaintiff Alleges No Facts To Support A Claim For Usury.

Plaintiff alleges that "Mortgage Defendants" gained a "Usurious amount of interest in violation of the California Constitution" because "Mortgage Defendants probably parted with a sum of Legal Tender Federal Reserve Notes amounting to less than 1/8th of the face value of the Negotiable Instruments that they issued to encumber the property in question."  Compl. ¶ 38.  In short, Plaintiff's claim makes no sense and is insufficient to state a cause of action for usury.

To state a cause of action under California Civil Code sections 1916.7 and 1918.5-1921, a plaintiff must allege facts showing that the loan originated under California state law.  *Pagtalunan v. Reunion Mortg., Inc.*, No. C-09-00162 EDL, 2009 WL 961995, at *4 (N.D. Cal. April 8, 2009); *see Watkinson v. MortgageIT, Inc.*, No. 10-CV-327-IEG (BLM) 2010 WL 2196083, at *5 (S.D. Cal. June 1, 2010); *Santos v. U.S. Bank N.A.*, No. CIV-F-09-0916 AWI DLB, -- F. Supp. 2d --, 2010 WL 2218803, *7-8 (E.D. Cal. June 1, 2010) (finding plaintiff's claim under Section 1916.7 preempted by AMTPA).  While Plaintiff merely concludes that "Defendant gained a Usurious amount of interest in violation of California Consitution [sic]" and sets forth a bazaar theory involving "Legal Tender Federal Reserve Notes" and "Negotiable

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Instruments," Plaintiff has alleged no facts that show the loan at issue originated under California law.  *See* Compl. ¶ 38.  For this reason alone, his usury claim fails.

Additionally, most adjustable rate mortgages in California do not originate under California law.  Rather, the majority of such loans originate under the federal Alternative Mortgage Transaction Parity Act ("AMTPA"), 12 U.S.C. § 3803, which preempts state laws such as Civil Code Section 1916.7.  *Pagtalunan*, 2009 WL 961995, at *4.  Thus, Plaintiff's claim for usury is also preempted.

To the extent that Plaintiff alleges violations of "18 USC 1961, 1962, and 1964," Plaintiff fails to identify which Defendant was in violation of, or what conduct violated, the foregoing statutes.  *See* Compl. ¶ 39.  This conclusory allegation simply is not actionable.

**F.      Plaintiff's Contract Claims Fail Because They Are Insufficiently Pled.**

Plaintiff attempts to assert three contract-based claims for "Failure of Consideration" (second cause of action) "Breach of Contract" (fourth cause of action) and "Indefiniteness of Contract" (sixth cause of action).  The only contract at issue is Plaintiff's October 2007 loan from BANA.  The Complaint alleges no defect in that loan, and no breach by BANA.  To the contrary, Plaintiff admits that *he* breached the loan by failing to make required payments.  Compl. ¶ 10.  Accordingly, Plaintiff's contract claims fail and must be dismissed.

In support of his claim, Plaintiff alleges that "Mortgage Defendants did fail to lend any valuable consideration," because "Mortgage Defendants provided no more than a promise to pay the substance of value, which is known as Legal Tender, by issuing a promise to pay said Legal tender through the issuance of Negotiable Instruments."  Compl. ¶ 35.  Plaintiff further alleges that the "Negotiable Instruments in and of themselves contained no value . . . ."  Compl. ¶ 36.  Finally, Plaintiff asserts that because "Mortgage Defendants contracted with [him] to loan Plaintiff Legal Tender 'Dollars' of U.S. Currency" rather than "Negotiable Instruments," and because

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

"Mortgage Defendants failed to lend Plaintiff Legal Tender 'Dollars' . . . in the form of US Silver Coin," there was a breach of contract.  Compl. ¶¶ 41-44, 47-48.

Defendants contend that these allegations are incoherent.  Certainly, they fail to show how Plaintiff's loan lacked consideration, or how the contract was indefinite.  To the contrary, the Deed of Trust indicates that Plaintiff received loan funds and granted BANA a security interest in return.  *See* RJN, Exh. B (Deed of Trust).

In addition, the Complaint also fails to state any breach of the loan contract by BANA or ReconTrust.  To state a breach of contract claim, Plaintiff must assert: (1) the existence of a contract; (2) Plaintiffs' performance or excuse for nonperformance; (3) breach; and (4) that the breach caused Plaintiffs' harm.  *Wall St. Network, Ltd. v. New Tork Times Co.,* 164 Cal. App. 4th 1171, 1178 (2008).  "[I]f the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference."  *Otworth v. S. Pac. Transp. Co.,*166 Cal. App. 3d 452, 459 (1985) (upholding dismissal of breach of contract claim because complaint made no mention of whether the contract was written or oral, and did not set forth the alleged contract's terms); *Nichols v. Greenpoint Mortgage Funding, Inc.,* No. SACV08-750, 2008 WL 3891126, at *10 (C.D. Cal. Aug. 19, 2008) (dismissing breach of contract claim where "Plaintiff fails to set forth any provision of the Notes that were breached").

The Complaint here is devoid of facts supporting any of these elements.  On the contrary, Plaintiff admits his own failure to perform under the loan agreement.  Plaintiff admits that he made payments on his mortgage from November 2007 to November 2009.  *See* Compl. ¶ 10.  By Plaintiff's own admission, he fell behind on payments "[s]ometime in 2009."  *Id.*  Finally, Plaintiff fails to identify any damages that he suffered as a result of any breach.  Accordingly, Plaintiff's claim for breach of contract should be dismissed with prejudice.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### G.   Plaintiff's Fraud Claim Is Time-Barred And Insufficiently Pled.

Plaintiff alleges that "Mortgage Defendants'" failure to "specify the essential terms of whether they would loan [and demand payment] in Legal Tender 'Dollars' or 'Negotiable Instruments'" allowed them to "defraud Plaintiff."  Compl ¶ 53.  Plaintiff further alleges that "[t]he California Constitution specifically prohibits banking institutions . . . from circulating their commercial paper in purposeful efforts to create debts . . ."  Compl. ¶ 54.  These nonsensical allegations are simply irrelevant to a claim of fraud.  But even if these facts were relevant, Plaintiff fails to explain how Defendants BANA and ReconTrust "circulat[ed] their [own] commercial paper" or why a distinction between "Legal Tender Dollars" and "Negotiable Instruments" is material and amounts to fraud.  As demonstrated below, Plaintiff fails to state a claim for fraud.

### 1.   Plaintiff's Fraud Claim Is Time-Barred.

As a preliminary matter, Plaintiff's fraud claim comes too late.  Code of Civil Procedure section 338(d) requires that "[a]n action for relief on the ground of fraud or mistake" be brought within three years after the aggrieved party discovers the fraud.  Cal. Civ. Proc. Code § 338; *Winn v. McCulloch Corp.*, 60 Cal. App. 3d 663, 672 (1976).  Moreover, a claimant has a duty to exercise diligence so as to discover the facts constituting fraud.  *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (1989).  Therefore, a claimant's fraud claim accrues when he "has the opportunity to obtain knowledge from sources open to his investigation . . . ."  *Id.*

Plaintiff entered into the loan agreement in October 2007.  *See* Compl. ¶ 10.  On January 14, 2011, **more than three years later**, Plaintiff filed this lawsuit.  Consequently, Plaintiff's fraud claim is time-barred.

While Plaintiff **does not** allege that he is entitled to equitable tolling, tolling is inappropriate anyway because Plaintiff fails to allege any facts showing he could not have discovered his claims earlier.  Moreover, Plaintiff fails to allege facts explaining why the alleged misrepresentations are suddenly discoverable now.  Indeed, Plaintiff

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

does not claim he lacked access to the loan documents containing the terms of the loan for three years.  Because he had "the opportunity to obtain knowledge from sources open to [his] investigation," there is no equitable reason for extending the statute of limitations.  *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (1989).  Accordingly, even if Plaintiff had requested equitable tolling, Plaintiff's claim for fraud cannot be saved.  For this reason alone, Plaintiff's fraud claimed should be dismissed with prejudice with respect to Defendants BANA and ReconTrust.

### 2.     Plaintiff Pleads Fraud With Insufficient Particularity.

Plaintiff's fraud claim also fails because the Complaint does not allege facts sufficient to meet the heightened pleading standards for fraud.  The pleading standards for fraud are well-settled.  A plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  Notably, "the allegations in a fraud action need not be liberally construed."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Plaintiffs must therefore plead every element of the cause of action with specificity.  *Goldrich v. Natural Y Surgical Specialties*, 25 Cal. App. 4th 772, 782 (1994); *see also Lazar*, 12 Cal. 4th at 645 (this requirement necessitates pleading facts which "show how, when, where, to whom, and by what means the representations were tendered").  In addition, when pleading fraud against a corporate defendant, the requirements are even greater – a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[2]  *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).  A claim for concealment must also be pled with specificity.  *Blickman*

---

[2] The purpose of these requirements are "to provide the Defendants with the fullest possible details of the charge so they are able to prepare a defense to this serious attack  . . . [T]he claim cannot be salvaged by references to the general policy favoring the liberal construction of pleadings."  *Goldrich*, 25 Cal. App. 4th at 782.

DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal.App. 4th 858, 878 (2008).

As discussed above, Plaintiff fails to plead *facts* that specify which Defendants made misrepresentations, what misrepresentations were made, or how, when and where, those misrepresentations were made.  Rather, Plaintiff's claim for fraud is supported by vague and conclusory allegations, many of which are illogical.  Based on the foregoing, Plaintiff has not met the heightened pleading standard for fraud claims, and his claim should be dismissed with prejudice.

### 3.    The Alleged Misrepresentations And Omissions Are Not Actionable.

In addition to lacking specificity, Plaintiff fails to identify how his allegations are, in fact, actionable misstatements or omissions.  Where documents in a conventional loan transaction clearly indicate the loan terms, "there [is] no need for the [lender] to explain what was stated in black and white." *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 980-981 (1993).  Where a person who is capable of reading and understanding an instrument signs an agreement, that person is bound by the contents of the agreement and is estopped from later arguing that the provisions of the agreement are contrary to his understanding.  *See Knox v. Modern Garage & Repair Shop*, 68 Cal. App. 583, 587 (1924).  Again, Plaintiff had every opportunity to review his loan agreement and made payments for approximately two years without any issue.  Clearly, Plaintiff understood the terms of his loan and cannot now argue that the loan agreement was contrary to his understanding.

### 4.    Plaintiff's Fraud Claim Also Fails Because He Alleges No Facts Showing Justifiable Reliance.

Plaintiff alleges no facts showing his justifiable reliance and his fraud claim fails for this additional reason. Instead, he makes the conclusory allegations that "[t]he words and writing of Mortgage Defendants were relied upon to the detriment of the Petitioner as Petitioner was fraudulently induced to pay money of exchange . . . for money of account."  Compl. ¶ 56.  Similarly, Plaintiff alleges that he "had a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 16–          US_ACTIVE-105584193.2-JDCHEN 2/17/11 12:01 PM

right to rely on . . . deeds and inducement by Mortgage Defendants who had superior knowledge, and because it is an industry standard operation . . ." *Id.*  But these allegations do not satisfy the justifiable reliance prong of a valid fraud claim. *See e.g., Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 976 (1997); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 n. 2 (2008) (noting "causation" refers both to the causation element of a negligence action and to the justifiable reliance element of a fraud claim).  Thus, "[a]ctual reliance occurs when a misrepresentation is an immediate cause of [a Plaintiffs'] conduct, which alters his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the contract or other transaction." *Engalla,* 15 Cal. 4th at  976 (internal citations omitted); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1092 (1993) ("specific pleading is necessary to 'establish a complete causal relationship' between the alleged misrepresentations and the harm claimed to have resulted therefrom").  Plaintiff simply has not met this requisite showing and his fraud claim necessarily fails.

### 5.   Plaintiff Fails To Allege He Has Suffered Any Out-Of-Pocket Losses.

Finally, Plaintiff's fraud claim fails because he has not alleged facts showing that he has suffered an identifiable out-of-pocket loss.  Civil Code §1709; *Fladeboe v. American Isuzu Motors, Inc.*, 150 Cal. App. 4th 42, 66 (2007); *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* 57 Cal. App. 3d 104, 111 (1976).  A deception without a resultant hard dollar loss is not actionable fraud.  *Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974-975  (2004); *Building Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1475 (2004).

Plaintiff asserts that his reliance caused: "[l]oss and conversion under contract," "[f]inancial instability of the home unit due to usury," "[i]nterfering with financial stability;" and "[l]oss of use and enjoyment of funds which were paid in unfair advantage to Mortgage Defendants."  None of these purported injuries suggests that

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

1    Plaintiff is out of pocket so much as a dollar because of the alleged

2    misrepresentations.   To the extent Plaintiffs attempt to claim damages in the form of

3    mortgage payments, it is settled that loan payments made pursuant to a valid contract

4    cannot support a showing of harm. *Auerbach v. Great Western Bank*, 74 Cal. App. 4th

5    1172, 1185 (1999) (plaintiffs' payments did not constitute damages because plaintiffs

6    were obligated to make them pursuant to a valid promissory note).  Without a hard

7    dollar loss, there is no damage to Plaintiff that is sufficient to support a claim for

8    fraud.  5 Witkin California Procedure, Pleading, §731, pps. 150-151 (5th Edition

9    2008); Civil Code, §3333.  For this reason as well, Plaintiff's fraud claim should be

10   dismissed.

11   ### **H.    Plaintiff's Conclusory Allegations Are Insufficient To State A RICO**
12   ### **Claim.**

13          To state a claim under RICO, Plaintiff must allege: "(1) conduct; (2) of an

14   enterprise; (3) through a pattern; (4) of racketeering activity (known as 'predicate

15   acts'); (5) causing injury to plaintiff's business or property." *See, e.g., Pineda v.*

16   *Saxon Mortgage Services,* No. 08-1187, 2008 U.S. Dist. LEXIS 102439, at *11 (C.D.

17   Cal. Dec. 10, 2008).

18          "It is not enough for [plaintiff] to rely on mere labels and conclusions" to

19   establish a RICO claim.  *Pineda*, 2008 U.S. Dist. LEXIS 102439, at *11.  Such

20   conclusory allegations cannot meet the pleading standard for a RICO claim.  Rather,

21   Plaintiff must give each Defendant notice of the particular predicate act it participated

22   in, and must allege each predicate act with the requisite specificity.  *See, e.g*., *Rosales*

23   *v. Downey Savings & Loan Ass'n, F.A.*, No. 09-cv39, 2009 U.S. Dist. LEXIS 15923,

24   at *16 (S.D. Cal March 2, 2009) (noting that "[t]he Ninth Circuit has held that

25   allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity

26   requirements" and holding that "[t]he Complaint ***does not allege sufficient facts to***

27   ***support the conclusory allegations*** that Defendants committed mail fraud, wire fraud,

28   and obstruction of justice" and "does not allege the ***role of each Defendant*** in the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

allegedly unlawful acts that give rise to Plaintiffs' RICO claim") (emphasis added).  A plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)

Plaintiff's RICO claim falls well short of meeting the specificity requirements of Fed. R. Civ. P. 9(b).  Rather than plead specific facts, Plaintiff makes several irrelevant, unfounded and conclusory allegations.  For example, Plaintiff alleges that the "Federal Reserve Banking Corporation of which Mortgage Defendants are each a franchise agent, has demonstrated an [sic] historical and documentable track record of purposefully expanding and contracting the money supply at timed intervals so as to purposefully dispossess economically vulnerable Californians and Americans from their property."  Compl. ¶ 63.  Plaintiff never distinguishes between the so-called Mortgage Defendants; nor does Plaintiff allege the time, place, and manner of each act of fraud in the purported scheme.

Because Plaintiff fails to plead facts that meet the heightened pleading standard of FRCP 9(b), Plaintiff's RICO claim fails.  Plaintiff's RICO cause of action also fails for the following reasons.

**1.    Plaintiff Does Not Allege A Pattern Of Racketeering Activity.**

Plaintiff's claim also fails because Plaintiff merely makes the unfounded and conclusory allegation that the public has been "systematically loaned credit when they were led to believe that they were being loaned real money, and are thereby placed into peonage and usury due to a lack of consideration by the mortgage company."  Compl. ¶ 65.  Plaintiff further alleges that "[i]n order for the public to close on a loan, they are deceived, by a person who is in a superior position, into gifting their property away under the conveyance and security instruments including a MORTGAGE, the nature of which was not fully disclosed, which in turn precluded this Petitioner from appreciating the essential elements of the undertaking."  Compl. ¶ 66.

Plaintiff again fails to allege any facts as to these predicate acts, much less

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

specific facts concerning any purported fraud.  *See Rosales*, 2009 U.S. Dist. LEXIS
15923, at \*16.  Rather, Plaintiff can do no better than allege that  "Defendants
systematically engage in a foreclosure process"  Compl. ¶ 67.  These vague and
conclusory allegations are insufficient to constitute a pattern of racketeering activity
under the RICO statutes.

### 2.    Plaintiff Fails To Allege A RICO Enterprise.

"An enterprise is 'proved by evidence of an *ongoing organization*, formal or
informal, and by evidence that the various associates function as *a continuing unit*.'"
*Izenberg v. ETS Services*, 589 F. Supp. 2d 1193, 1202 (C.D. Cal. 2008) (*quoting
United States v. Turkette*, 452 U.S. 576, 583 (1981)) (emphasis added).

Here, there is simply no intelligible (or consistent) allegation as to who or what
the RICO enterprise consists of.  *Id.* at 1202-03.  To the extent that Plaintiff alleges
that "Mortgage Defendants" are part of a purported "Federal Reserve Banking
Corporation," Plaintiff still fails to give any indication as to who or what the RICO
defendants are.  Compl. ¶ 63.  This allegation is insufficient to plead that a RICO
enterprise exists, and consequently, Plaintiff's RICO claim fails as a matter of law.

### 3.    Plaintiff Fails To Allege That He Suffered Any Injury.

Finally, Plaintiff fails to allege any injury resulting from the undifferentiated
Defendants' investment of their alleged racketeering proceeds.  In order to allege a
RICO injury, Plaintiff must plead that defendants' violation was "both the 'but for'
and proximate cause of a concrete financial injury."  *Izenberg*, 589 F. Supp. 2d at
1202; *Vargas v. Recontrust Co.*, No. 08-1683, 2008 U.S. Dist. LEXIS 100115, at \*14-
15 (E.D. Cal. Dec. 1, 2008) ("The 'plain language' of pertinent RICO provisions
'leads us to conclude that a plaintiff seeking civil damages for a violation of section
1962(a) must allege ***facts*** tending to show that he or she was injured by the use or
investment of racketeering income.'") (emphasis added) citing *Nugget Hydroelectric,
L.P. v. Pacific Gas and Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992); *Resolution Trust
Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Here, Plaintiff does not, and cannot, allege that she was injured by Defendants'

2    investment of the proceeds of their alleged racketeering activity.  Rather, Plaintiff's

3    allegations suggest only that the *public* was deprived of property and cash.  *See*

4    Compl. ¶ 68 ("Said Defendants regularly engage in cooperative efforts to deprive the

5    public of property and cash.").  Such allegations of general injury to the public cannot

6    sustain a RICO claim where Plaintiff has not demonstrated that injury occurred as a

7    result of the "use or investment" of proceeds from racketeering activities .  *See Parker*

8    *& Parsely Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 584 (5th Cir. 1992)

9    (allegations that plaintiff was damaged from defendants purported scheme to perform

10   inadequate fracturing job could not support a claim that required a showing of injury

11   from "use or investment" of proceeds from racketeering activities); *Danielsen v.*

12   *Burnside-Off Aviation Training Center, Inc.*,  941 F.2d 1220, 1230 (D.C. Cir. 1991)

13   (Under 1962(a) "[i]t is not sufficient to allege injury flowing from the predicate acts of

14   racketeering").  Accordingly, Plaintiff's RICO claim fails and should be dismissed

15   without leave to amend.

16       **I.    In The Alternative, Defendants Request That The Court Order A**

17            **More Definite Statement.**

18   To the extent the Court determines that Plaintiff has raised issues that

19   Defendants could not decipher from the Complaint, Defendants hereby move for a

20   more definite statement on the grounds that the Complaint "is so vague or ambiguous

21   that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

22   Defendants ask that the Court in its order limit Plaintiff to pleading enumerated claims

23   under separate headings, per Fed R. Civ. P. 10(b) ("A party must state its claims or

24   defenses in numbered paragraphs, each limited as far as practicable to a single set of

25   circumstances").

26   **V.    CONCLUSION**

27       Plaintiff's causes of action against Defendants BANA and ReconTrust are

28   incoherent, vague, conclusory and without merit.  Additionally, Plaintiff has not

1   shown that he is able to cure the foregoing defects by amendment.  Accordingly,

2   Defendants BANA and ReconTrust respectfully request that the Court grant this

3   Motion to Dismiss with prejudice.  Alternatively, Defendants BANA and ReconTrust

4   ask that this Court issue an order for a more definite statement pursuant to Fed. R.

5   Civ. P. 12(e).

6

DATED: February 17, 2011          REED SMITH LLP

7

8

9          By     /s/ Jeffrey D. Chen
                Jeffrey D. Chen
10              Attorneys for Defendants
                Bank of America, N.A. (erroneously sued as
11              Bank of America N.A. dba BAC Home
                Loans Servicing, LP) and ReconTrust
12              Company, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28