IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MONTEJANO,

    Plaintiff,                    CIV. NO. S-11-146 MCE GGH (TEMP) PS

    vs.

BANK OF AMERICA, N.A., et al.

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). The action arises out of a residential home loan entered into on October 27, 2007. The note was secured by a deed of trust for the subject real property, located in Sacramento, California. On July 30, 2010, a notice of default was issued and the notice was recorded on August 3, 2010. The subject property was sold at a trustee sale on January 3, 2011. Plaintiff filed the instant action to set aside foreclosure on January 14, 2011.

        In the order requiring timely service and joint status report, filed January 14, 2011, plaintiff was advised of the requirement to obey federal and local rules and orders of this court, and the possibility of dismissal for failure to do so. Defendants filed a motion to dismiss on February 17, 2011, to which plaintiff did not respond. By order filed March 15, 2011, the hearing date was continued to April 21, 2011, and plaintiff was directed to show cause in writing

1

for his failure to oppose the motion and to file an opposition to the motion. Plaintiff was warned that failure to file an opposition or statement of non-opposition and appear at the hearing would be deemed a statement of non-opposition, and that a recommendation of dismissal would result. Plaintiff has filed a document titled "Objection to Motion to Dismiss." That document, however, set forth no substantive opposition to the motion to dismiss and simply recited causes of action alleged in the complaint. After review of the pleadings on this matter, the court determined oral argument would not be of material assistance in determining the pending motion and submitted the matter on the record.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in this court's prior order, failure to appear at a scheduled hearing may be deemed not only withdrawal of opposition to a motion but grounds for sanctions. E. D. Cal. L. R. 78-230(j). More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are

2

1 prejudice and availability of lesser sanctions." <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th
2 Cir.1990). Plaintiff's "objection" to the motion to dismiss presents no substantive arguments in
3 opposition to the motion to dismiss but consists of what appears to be boilerplate language drawn
4 from some unknown source. Defendants are clearly prejudiced by the requirement of defending
5 a case in which plaintiff has demonstrated an inability to articulate any cognizable legal theories,
6 and this court is put in the untenable position of expending limited judicial resources to decide
7 such a case on the merits. The public's interest in expeditious resolution of litigation, the court's
8 need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be
9 dismissed.

10 Furthermore, the court has reviewed the motion to dismiss, and finds that it has
11 merit. In particular, the court notes that plaintiff's fraud claims are barred by the three year
12 statute of limitations provided under California Code of Civil Procedure § 338(d). Plaintiff's
13 claims related to setting aside the foreclosure cannot lie in the absence of tender. <u>See</u> <u>Pantoja v.</u>
14 <u>Countrywide Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under
15 California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has
16 made a valid and viable tender [offer] of payment of the indebtedness" (citations and quotation
17 marks omitted).); <u>see</u> <u>also</u> <u>Alcaraz v. Wachovia Mortgage FSB</u>, 592 F. Supp. 2d 1296, 1304
18 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential
19 to an action to cancel a voidable sale under a deed of trust.'") (citing <u>Karlsen v. Am. Sav. & Loan</u>
20 <u>Ass'n</u>, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). Plaintiff's claim under RICO is
21 also deficient. To state a cause of action under RICO, 18 U.S.C. § 1962(c), a plaintiff must
22 allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5)
23 causing injury to plaintiff's business or property. <u>Living Designs, Inc. v. E.I. Dupont de</u>
24 <u>Nemours & Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005). Plaintiff does not allege the existence of a
25 RICO enterprise and has not identified predicate acts allegedly committed by defendants. <u>See</u>
26 <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985). Plaintiff's attempt to cast this action

3

as a RICO case is deficient in that the predicate acts of racketeering activity simply do not exist. The activity underlying plaintiff's claims was a simple loan transaction. This is not the kind of unlawful activity contemplated by the Civil RICO Act. See 18 U.S.C. § 1961. For the reasons set forth more fully in defendants' papers, the motion to dismiss should be granted.

The claims against the remaining non-appearing defendant Legacy Real Estate should also be dismissed. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Here, the non-appearing defendant is in a position similar to that of the defendants who have moved for dismissal and the claims are integrally related. Accordingly, the undersigned will recommend that all claims against defendant Legacy Real Estate be dismissed along with all claims against the moving defendants.

Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

1  captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the
2  objections shall be served and filed within fourteen (14) days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: April 5, 2011

                                                 /s/ Gregory G. Hollows
                                            _____
                                            GREGORY G. HOLLOWS
                                            U. S. MAGISTRATE JUDGE